■ JULIUS ROSENTHAL, Respondent, v. BRETHREN OF ISRAEL, Appellant.— Order entered on December 22, 1960, denying defendant's motion to change the venue from New York County to Dutchess County, reversed, on the law and on the facts, with $20 costs and disbursements to appellant, and the motion granted, with $10 costs. The proof establishes that the plaintiff is not a resident of New York County within the meaning of section 182 of the Civil Practice Act. (*Hammerman* v. *Louis Watch Co.*, 7 A D 2d 817.) Concur — Rabin, Valente and McNally, JJ.; Breitel, J. P., and Bastow, J., dissent and vote to affirm in the following memorandum by Breitel, J. P.: Plaintiff attends courses in two institutions of higher learning in New York County. He therefore is regularly in the county at least two days and one night each week, shares the cost and occupancy of a friend's apartment, and keeps some of his personal belongings there. Section 182 of the Civil Practice Act was amended as far back as 1925 just to eliminate needless procedural battles over venue. This it did by removing the significance of domicile, always a concept of delicate shading, in the venue context and by entitling a plaintiff to sue in any county in which he has a residence (*Hurley* v. *Union Trust Co. of Rochester*, 244 App. Div. 590). So long as plaintiff's residence in New York County was not utterly specious, or was not created for purposes of this action (and that is not contended by defendant), the statute mandates its recognition. It is an alternative residence, so long as it has regularity and plaintiff in fact abides at the place, with intention to remain (*Bradley* v. *Plaisted*, 277 App. Div. 620; 6 Carmody-Wait, New York Practice, p. 102 *et seq.*). It would be unfortunate to reintroduce, under another guise, the futile venue litigation of another day (see 6 Carmody-Wait, New York Practice, p. 105, footnote 14). Moreover, it is not likely that a court would reject plaintiff's claim of venue, if the cause of action had arisen here, or it was evident that the convenience of witnesses would be served by retaining the action in this county. But neither of these criteria is appropriate in applying the statute in question. I confess to difficulty in reconciling the memorandum decision in *Hammerman* v. *Louis Watch Co.* (7 A D 2d 817 [3d Dept.]) with that of the *Bradley* case (*supra*), although the *Bradley* case is cited as authority. However, from the discussion in the *Hammerman* case it may be that the court was influenced by the convenience of witnesses, on which it also passed. The convenience of witnesses, however, is not relevant to the present application since it is made exclusively under section 182 (cf. Civ. Prac. Act, § 187). In any event, until now this court has not been bound by the rationale as applied in the *Hammerman* case. Accordingly, I dissent and vote to affirm the order of Special Term denying defendant's motion for a change of venue. Settle order on notice.